Filed June 20, 1889.

## No. 14,529.

### SMITH ET AL. *v.* GORHAM ET AL.

DECEDENTS' ESTATES.—*Claim.—Allowance.—Employment of Counsel to Resist. —Conclusive Adjudication.—Sale of Real Estate.*—Where persons claiming an interest in real estate, as the grantees of a decedent's heirs, employ counsel to assist the administrator in resisting the allowance of a claim filed against the estate, an adjudication that the claim is valid is conclusive upon them, and they can not afterwards bring it in question in a proceeding by the administrator to sell the land to pay debts.

SAME.—*Evidence.—Record of Allowance.*—The record of the allowance of a claim against the estate of a decedent is *prima facie* evidence of the validity and amount of the claim.

EVIDENCE.—*Offer to Introduce.—Practice.*—To present any question upon the exclusion of evidence, the offer to introduce it must be specific; if the evidence is parol, the witness should be put upon the stand and questioned, and the testimony expected stated; if the evidence is documentary, it should be identified and then offered.

From the Hendricks Circuit Court.

*B. F. Davis* and *W. H. Martz,* for appellants.

*L. M. Campbell,* for appellees.

BERKSHIRE, J.—The administrator, Thornton G. Gorham, filed his petition to sell real estate for the payment of debts, to which the heirs of the decedent were made parties, and proper notice given.   The appellants, who were not of the heirs of the decedent, claiming to have an interest in

the real estate which the administrator was seeking to have sold, were, on their own application, made parties defendants to the petition, and appeared and filed an answer, in two paragraphs, to which demurrers were filed by the administrator and overruled by the court.

Among other things which are averred in the answer, we find the following : (1). That the indebtedness alleged in the petition, for the payment of which the administrator was asking that the real estate be sold, had no existence in fact ; (2) that there was due the estate, from one James E. Smith, $1,000, which, if collected, was amply sufficient to pay all of its indebtedness; (3) that by mistake the real estate described in the administrator's petition was conveyed to Archie Smith and the decedent jointly, they at the time being husband and wife, and did not, therefore, belong to the decedent, as the survivor, at her death, but upon the death of Archie Smith descended to his heirs, subject to a life estate in the decedent, Nancy, she being a second wife, without issue ; (4) that appellants were the owners of the said real estate in fee simple when the administrator filed his petition.

The administrator filed a reply, in three paragraphs, the first of which is a general denial.

The principal indebtedness for the payment of which the administrator was asking an order to sell the said real estate was in the form of an adjudicated allowance, made in the Hendricks Circuit Court upon the trial of a denied claim which had been filed against said estate.

The second paragraph of the reply is to that part of the answer which denied the existence of the indebtedness, and it alleges, in substance, the filing of the claim, the refusal of the administrator to allow it, issue joined thereon, a trial and judgment allowing the claim ; that the administrator made the best defence he could thereto, and that the appellants appeared at the trial, and, with the consent of the administrator, through their attorney, joined in resisting the allowance of the claim.

The third paragraph of reply relates to that part of the answer alleging that the appellants are the owners in fee simple of the said real estate, and avers that they have an interest therein, but that they acquired that interest from the heirs of the decedent, and that the same is subject to sale in their hands.

Demurrers were filed and overruled to these paragraphs of reply, and the appellants excepted. The issues joined having been submitted to the court, it found in favor of the administrator, and, over a motion for a new trial, made an order for the sale of the real estate. The appellants reserved an exception to the overruling of their motion for a new trial. The appellants assign several errors, only three of which are considered in their brief, and they are all that we need notice. These are : Error of the court in overruling the demurrer to the second paragraph of the reply, error of the court in overruling the demurrer to the third paragraph of the reply, and error of the court in overruling the motion for a new trial.

The paragraphs of reply are clearly good, and the appellants' counsel do not earnestly contend to the contrary.

As to the second paragraph, we may say that, if the appellants were present at the trial of the claim, and had counsel there assisting in resisting it, then they had their day in court, and the adjudication is conclusive upon them. Upon a proposition so well settled we do not feel called upon to cite authorities.

The motion for a new trial contains three reasons : 1. The court erred in admitting in evidence the record of the allowance of the claim. 2. The court erred in refusing to allow the appellants to prove, notwithstanding the adjudication and allowance by the court, that the estate owed the claimant nothing. 3. The finding of the court is not sustained by sufficient evidence.

The last reason is not discussed by counsel, and is therefore waived.

The uncontradicted evidence introduced by the administrator is, that the appellants appeared at the trial and resisted the allowance of the claim; if, therefore, the admission of the record of the allowance, or the rejection of the offered evidence to prove that there was nothing due to the claimant, notwithstanding the allowance made by the court, would have been error under other circumstances, there was no error under the facts proven, for the appearance of the appellants rendered the adjudication conclusive as against them. But had the appellants made no appearance the record would have been competent evidence; it was *prima facie* evidence of the validity and amount of the claim. Acts 1883, section 8, p. 155; Acts 1883, section 12, p. 156; *Scherer* v. *Ingerman*, 110 Ind. 428; *Jackson* v. *Weaver*, 98 Ind. 307; *Cole* v. *Lafontaine*, 84 Ind. 446; *Riser* v. *Snoddy*, 7 Ind. 442; *Jennings* v. *Kee*, 5 Ind. 257.

The offer to prove that there was nothing due to the claimant, notwithstanding the allowance of the claim, was too indefinite and general to present any question as to the exclusion of evidence to this court. If the evidence which the appellants desired to introduce rested in parol, then the witness from whom the proof was to come should have been placed upon the stand, and a question propounded, and if objected to, and the objection sustained, then an offer should have been made as to what the witness would state in answer to the question. This would have properly presented the question in the record.

If the evidence was of a documentary character, it should have been identified and then offered. *Over* v. *Schiffling*, 102 Ind. 191; *Beard* v. *Lofton*, 102 Ind. 408; *Higham* v. *Vanosdol*, 101 Ind. 160; *Ralston* v. *Moore*, 105 Ind. 243; *Harter* v. *Eltzroth*, 111 Ind. 159. We find no error in the record.

Judgment affirmed, with costs.

Filed June 22, 1889.