## WILLIAMS v. CHAPMAN.

[No. 20,007.   Filed February 24, 1903.]

TRIAL. — *Witnesses.* — *Evidence.* — *Objection.* — *Appeal and Error.*—The ruling of the court in sustaining an objection to a question to a witness is not reviewable on appeal, where no statement was made as to what the witness would testify to in answer to the question.  *pp. 130, 131.*

APPEAL AND ERROR.—*Instructions.*—*Error.*—In order to make instructions a part of the record by special exceptions written on the margin of each, under §542 Burns 1901, they must be filed after the exceptions are reserved.  *pp. 131, 132.*

SAME.—*Evidence.*—*Conflict.*—The fact that there is no conflict in the evidence on one or more essential facts furnishes no ground for the reversal of a judgment in favor of defendant, where there is a sharp conflict as to certain other facts which plaintiff was required to establish before he was entitled to a verdict.  *p. 132.*

From Whitley Circuit Court; *J. W. Adair*, Judge.

Action by Charles N. Williams against Grant Chapman. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901.  *Affirmed.*

*J. F. Carson, C. N. Thompson* and *W. J. Taylor*, for appellant.

*E. K. Strong*, for appellee.

HADLEY, C. J.—A reversal of the judgment in this case is asked for error of the court in refusing a witness in appellant's behalf to answer a certain question, for errors in refusing and in giving to the jury certain instructions, and because the verdict is not sustained by the evidence, and is contrary to law.

1.   The record shows that appellant propounded to his witness a question. Appellee objected, and the objection was sustained. This closed the incident. To have made the ruling available for review on appeal, it was necessary for appellant to have made a statement of what he could and proposed to show by the answer of the witness. This

he did not do. *Cincinnati, etc., R. Co.* v. *Lutes,* 112 Ind. 276; *Elliott* v. *Russell,* 92 Ind. 526-530; *Louisville, etc., R. Co.* v. *Smith,* 91 Ind. 119; *Breedlove* v. *Breedlove,* 27 Ind. App. 560.

2. The record further shows that: "Afterward, on November 22, 1900, * * * the following further proceedings were had in this cause, to wit: * * * Come now the parties by their attorneys, * * * and the court now instructs the jury in writing, which instructions are made a part of the record without a bill of exceptions, each instruction having written on the margin 'Refused and excepted to,' or 'Given and excepted to,' all signed, 'Joseph W. Adair, judge, November 22, 1900.'

"State of Indiana, Whitley county: ss. In the Whitley Circuit Court, November term, 1900. Charles N. Williams v. Grant Chapman. The plaintiff requests the court to charge the jury especially as follows:" Next ensues six propositions, signed by the plaintiff's attorney, and each with a marginal memorandum, "Refused and ex. to by the plff. J. W. Adair, judge. October 22, 1900." Next follows, without any sort of recital, what purports to be ten instructions, each with this marginal note, "Given and excepted to by the plff. November 22, 1900. Joseph W. Adair, judge."

Appellee insists that the instructions are not in the record, because it does not appear that they were at any time filed as a part of the proceedings in the cause. Section 662 Burns 1901 provides what shall be deemed a part of the record on appeal, viz.: "All proper entries made by the clerk, and all papers pertaining to a cause, and filed therein;" and it is further provided in clause 6 of §542, *supra,* that: "All instructions given by the court must be signed by the judge and filed, together with those asked for by the parties, as a part of the record." The filing note is in effect the court's seal of identity, by which the paper or document may be certainly known.

It has been held by this court that under the present code there are three ways of making instructions a part of the record: (1) By order of court; (2) by special exceptions written on the margin of each, signed by the judge, and dated; and (3) by a bill of exceptions; but in both the first two methods filing is required by the statute as a means of identification. *Ohio, etc., R. Co.* v. *Dunn,* 138 Ind. 18, and cases cited.

No effort appears to have been made to bring the instructions into the record by a bill of exceptions or order of court, but it was obviously attempted to bring them in by the second of the above methods (§542 Burns 1901); but because of a failure of the record to show that they were filed after the exceptions were properly reserved and noted, under many decisions of this court, we are required to hold that the attempt was unsuccessful. *Riley* 'v. *Allen,* 154 Ind. 176; *Thompson* v. *Thompson,* 156 Ind. 276; *Krom* v. *Vermillion,* 143 Ind. 75; *Olds* v. *Deckman,* 98 Ind. 162; *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110.

3. The action is founded upon a written contract, which appellee admits he executed, whereby appellant was employed by appellee to procure a loan for the latter. The controversy is whether, under the contract, appellant did all the things he was required to do before calling upon appellee for performance on his part, and whether appellant did not, after the execution of the contract, change his relation to the transaction from that of appellee's agent to a principal. On both these latter propositions the evidence is conflicting.

It is argued that the verdict of the jury is not sustained by the evidence, and is contrary to law. When there is a conflict in the evidence on any fact essential to recovery, we can not disturb a judgment for the defendant, because we can not weigh the evidence.

It is contended that the verdict has no evidence in its support, because it is shown, without conflict, that appellee

executed the contract sued on, and had notice of the acceptance of the loan within the time stipulated. The position is untenable. Because there appears no conflict in the evidence on one or more essential facts furnishes no warrant for a reversal, where, as in this case, there is a sharp conflict as to facts which the plaintiff was required to establish before he was entitled to the verdict.

Judgment affirmed.