## SHILLING ET AL. *v.* VARNER ET AL.

[No. 21,850. Filed December 10, 1913. Rehearing denied April 1, 1914.]

1. DRAINS.—*Remonstrance.—Excessive Cost.—Evidence.—Admissibility.*—In a drainage proceeding where remonstrances were based upon the ground that the aggregate cost of the drain would exceed the aggregate benefits to the lands affected thereby, evidence of the value of an individual remonstrant's land before and after the improvement, offered to show that there was no benefit to the land of such remonstrant, was properly excluded. p. 383.

2. TRIAL.—*Reception of Evidence.—Purpose.*—Evidence is properly rejected if it is irrelevant to the purpose for which it is offered, though it may be admissible for some other purpose. p. 385.

From Dekalb Circuit Court; *Frank M. Powers,* Judge.

Petition by Jacob S. Varner and others to establish a drain, against which Isaac N. Shilling and others remonstrated. From a judgment for petitioners, the remonstrants appeal. *Affirmed.*

*P. V. Hoffman,* for appellants.

*Link & Atkinson* and *Leonard, Rose & Zollars,* for appellees.

MORRIS, C. J.—Appellees filed a petition to establish a public drain, under the act of 1907 (Acts 1907 p. 508, §6140 Burns 1908). The report of the commissioners favored the establishment of the proposed work. Appellants filed a remonstrance declaring that they each "separately and severally respectfully remonstrate against the report of the drainage commissioners herein, for the following reasons to wit: first, that it will not be practicable to accomplish the proposed drainage, as set forth in the commissioners' report on file herein, without an expense exceeding the aggregate benefits to the lands affected thereby." Subd. 8, §6143 Burns 1908, Acts 1907 p. 508, §4. The above remonstrance was properly signed by the several appellants. There was a trial by court, and a finding that the cost of construction of the proposed drain will not exceed $28,000, and the benefits accruing to the land assessed will exceed $29,000.

During the trial, appellant, Isaac N. Shilling, offered to prove by witness Krontz, then on the witness stand, certain facts, which offer, with objection thereto, and the ruling of the court, is as follows: "You may state to the court the present value of the southeast quarter of the northwest quarter, of section 22, township 34 north, range 14 east, containing 40 acres, assessed to Isaac N. Shilling."

To this the petitioners objected, as follows, to the witness answering the question:

"The petitioners now object to this question for the reason that the inquiry is made with reference to the lands of Isaac N. Shilling for the purpose of determining the benefits received by said land; that the inquiry is not pertinent to any issue tendered by said Isaac N. Shilling; that said Isaac N. Shilling has no remonstrance on file questioning the assessment of benefits or damages to his land, and there is no issue tendered, under which the inquiry could be made."

The remonstrant made the following offer:

"The remonstrant, Isaac N. Shilling, now offers to prove by this witness, the value of this land per acre as it now is with the expectation of following it up with another question as to what the value of this land would be after the drain is constructed, for the purpose of proving by the two proposed questions and answers, the benefits that would accrue by reason of the construction of this ditch in reference to said piece of land and that there would be no benefit by the construction of this drain to this land."

Upon this offer the court ruled as follows:

"The court overrules said offer to prove said facts or either of them, to which ruling of the court the remonstrant at the time excepts.

The court now sustains the objection to the question above, to which ruling the remonstrant at the time excepts."

Each appellant made a like offer with reference to his land assessed, with like rulings and exceptions.

The appellants separately and severally moved for a new trial, on the sole ground that the court erred in refusing to permit the witness offered, to answer the question

1. propounded relative to the separate tract of land of each appellant. The motion was overruled. The appellants severally and separately assign here as error that the court erred as to each of said appellants, in overruling his or her several motion for a new trial. In the motion

for a new trial, after setting out the ruling of the court on the offered evidence, and appellants' exceptions, it is alleged: "the court being informed upon each offer to make such proof that the answer to the question was intended to be evidence for the purpose of showing that said assessments made in said report against each of such tracts of land were too high, and more than the actual benefits." The above is the only purpose of the offered evidence, disclosed in the motion. In appellants' brief here, under the heading, "Errors relied on for reversal", it is said: "Under this assignment but one error is urged, that the court below erred in refusing to permit the several appellants to introduce testimony * * * in order to show that the benefits assessed * * * *were not in proportion to the benefits received.*" (Italics ours.) Under the heading of "Argument," in the brief, it is insisted that the offered evidence was competent, under appellants' remonstrances for the purpose of showing that the drainage could not be accomplished without an expense exceeding the aggregate benefits, because the finding of the court reveals an excess of benefits over cost of construction in the sum of only $1,531, whereas the aggregate amount of all appellants' assessments greatly exceeded such sum. The court did not err in excluding the offered proof. The specific purpose each appellant had in view in offering the evidence, as stated to the trial court, was to show that his assessment was too high, and out of proportion to benefits accruing, and not to prove that the total cost would exceed aggregate benefits. Indeed, not until appellants' counsel reached the point in their brief devoted to the argument, is the idea suggested, in record or brief, that the offered evidence was competent to show a total cost in excess of aggregate benefits. It is quite true that each appellant had the right to remonstrate because his assessment was too high, either in relation to benefits accruing to his land, or in relation to assessments of other tracts. §6143 Burns 1908, *supra.* But there was no

remonstrance on such ground. The only ground of remonstrance which appellants elected to assert was that the aggregate cost would exceed the aggregate benefits—a proposition that would defeat the establishment of the drain. Subd. 8, §6143, *supra*.

In 38 Cyc. 1341, it is said: "Where the evidence is stated to be introduced for a certain purpose, it should be restricted to that purpose, for it is manifest that any 2. other rule would result in surprise and injustice. * * * Where evidence is offered for one purpose only, although admissible * * * for some other purpose, * * * it may be properly rejected." In *Jeffersonville, etc., R. Co.* v. *Riley* (1872), 39 Ind. 568, 589, this court held that where offered testimony was incompetent for the purpose stated in the offer to prove, though competent for another purpose, there was no error in excluding it. To hold otherwise would often work great injustice, for it would enable an unscrupulous party to intentionally lead the trial court into error, and, in the appellate tribunal, secure an order for a new trial, solely because he successfully concealed from the trial court a legitimate purpose that might have been subserved by the admission of the offered testimony. It is the duty of counsel to assist the court, and there is no just cause of complaint because the trial court did not look beyond the purpose stated by counsel in the offer to prove. *Deering & Co.* v. *Mortell* (1906), 21 S. D. 159, 110 N. W. 86, 16 L. R. A. (N. S.) 352; *Colby* v. *Colby* (1896), 64 Minn. 549, 67 N. W. 663.

Appellees claim that inasmuch as the remonstrance was separate and several, and because no single remonstrator was assessed for an amount as great as the difference between the reported aggregate benefits and cost, that even if the purpose stated had been relevant to the issue tendered, the evidence would have been properly refused, because, as appellees claim, there must be a joint remonstrance be-

fore the court would be warranted in adding together the discrepancies as to the several tracts owned by different remonstrators, in order to cover the difference between the aggregate benefits and aggregate estimated cost, and *Earhart* v. *Farmers Creamery Co.* (1897), 148 Ind. 79, 47 N. E. 226, is cited in support of the proposition. It is not necessary to determine this question here, and consequently no opinion is expressed in reference thereto.

No reversible error is disclosed by the record. Judgment affirmed.

Note.—Reported in 103 N. E. 404.