SILVER FLEET MOTOR EXPRESS COMPANY, INC *v.* NEW YORK CENTRAL RAILROAD COMPANY.

[No. 19,445. Filed March 20, 1963. Rehearing denied April 25, 1963. Transfer denied June 21, 1963.]

*Aribert L. Young, Owen S. Kern* and *Armstrong,*

*Gause, Hudson & Kightlinger,* of counsel, all of Indianapolis, for appellant.

*John A. Stocker,* of Indianapolis, *Jerdie D. Lewis, Lewis & Lewis,* of counsel, of Terre Haute, and *Marvin A. Jersild,* of Chicago, Illinois, for appellee.

CLEMENTS, J.—This is an appeal from the Marion Circuit Court. The plaintiff-appellant, Silver Fleet Motor Express Company, Inc., sued defendant-appellee, New York Central Railroad Company, demanding damages resulting from a collision in the City of Columbus, Indiana. The complaint alleges that appellant was the owner and operator, through its agent, George Haas, of a 1956 White tractor and a 1955 Fruehauf semi-trailer which was passing through the City of Columbus, Indiana, on August 30, 1957, at about 5:30 P.M., and had reached an intersection in the City of Columbus, Indiana, where the railroad tracks of the defendant-appellee crossed Third Street; that appellee, acting through its engineer, John Gray, carelessly and negligently drove its train into and against appellant's tractor and trailer. The complaint further alleges that appellee was negligent in failing to stop in order to avoid the collision, failing to sound a bell, whistle or other warning device, and failing to provide flares, fusees or a flagman at the crossing to warn that a train was approaching, and failing to provide any marker or sign at the crossing indicating that the railroad tracks crossed said Third Street.

Answer was filed by appellee admitting certain rhetorical paragraphs of the complaint; alleging that it is without information as to the other allegations in the complaint; and further alleging that damages, if any, sustained by plaintiff-appellant, were proximately caused by the carelessness and negligence of the plain-

tiff-appellant's driver, that appellant was guilty of contributory negligence, and denying that appellee was careless or negligent in any manner as alleged in the complaint.

The issues were tried by the court without a jury, and the court rendered a judgment for appellee, New York Central Railroad Company.

Appellant filed a motion for new trial and as its first ground therefor alleged that since the trial the plaintiff-appellant had discovered new evidence that could not be produced at the trial, consisting of an ordinance of the City of Columbus. This was supported by an affidavit filed by appellant to which appellee filed counter-affidavit. The affidavit supporting the motion stated that the ordinance discovered required gatemen and flagmen to be stationed at the intersection here involved, and the counter-affidavit filed by appellees contended that the ordinance was no longer in effect.

The second ground for new trial was error of law occurring at the trial in which the court sustained the objection of appellee and refused to permit the witness, Loren Hurley, to answer whether it was the practice of appellee to maintain warning devices at this crossing.

The remaining grounds of the motion for new trial are (3) the decision of the court is not sustained by sufficient evidence, (4) the decision of the court is contrary to law, (5) there was error in the assessment of the recovery in that the amount is too small, and (6) that awarding no damages to plaintiff-appellant was substantially less recovery than the facts and evidence show the plaintiff's actual pecuniary loss to be.

The sole error assigned is the overruling of appellant's motion for a new trial.

This is an appeal from a negative judgment, and

the appellant's assignment of errors as designated in the appellant's motion for a new trial numbers 3, 5, and 6, present no question for review. *Hinds, Executor, etc.* v. *McNair et al.* (1956), 235 Ind. 34, 41, 129 N. E. 2d 553.

Specification 4 of appellant's motion for new trial is that the decision of the court is contrary to law.

"Under this assignment appellant may present the question of whether the evidence shows conclusively that it was denied relief to which it was entitled under the law." *Kendall Lumber & Coal Co.* v. *Roman* (1950), 120 Ind. App. 368, 372, 91 N. E. 2d 187, and cases cited.

However, to determine this question, the court, on appeal, may consider only the evidence most favorable to appellee, together with all reasonable inferences which may be drawn therefrom. It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court may be set aside on the ground that it is contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

The appellant, by its complaint, charges the appellee was negligent in failing to stop its engine; failing to apply its brakes; failing to sound a bell, whistle or other warning, and in failing to provide flares, fusees, or flagman at the crossing, and further alleges that appellant was without any fault or negligence on its part.

The appellant called, as its witness, one Loren Hurley, who testified that he saw appellee's train, that he heard the train whistle, that both the train and truck were

moving very slowly, that he stopped his car but he could not attract the attention of appellant's driver.

The witness Henry Lawrence, called by appellant, testified that he witnessed the collision, that the train was moving about 10 miles an hour and the truck about 15 miles an hour, and that the train had blown its whistle "a couple of times."

Appellant called its truck driver, George R. Haas, who testified that he had lived in Columbus and was acquainted with the railroad crossing on Third Street, that he was travelling 10 to 15 miles per hour approaching the crossing, and that when he was near the track he heard the train whistle and described it as a "town whistle," and futher testified that "the [train] brakes were being applied as the engine was coming towards me, . . . ," that in his examination of May 13, 1959, he did state that on the last fifty feet before approaching the railroad he was watching a traffic light which was red. He heard the train whistle but could not stop.

The engineer, fireman, brakeman and conductor each testified that the air horn was sounded and the bell ringing at this crossing at the time of the collision.

From an examination of the above evidence we are unable to say that it is conclusively shown that the alleged acts of negligence of appellee were the sole and proximate cause of appellant's damages, and that the decision of the trial court is contrary to law.

It is a well settled principle of law that we cannot weigh the evidence. *Dent* v. *Dent* (1961), 241 Ind. 606, 174 N. E. 2d 336; *Hinds, Executor, etc.* v. *McNair et al., supra* (1956), 235 Ind. 34, 54, 129 N. E. 2d 553; *Sullivan* v. *O'Sullivan* (1959), 130 Ind. App. 142, 151, 162 N. E. 2d 315.

The appellant, as cause for new trial, states that since the trial it has discovered new competent evidence which can be produced if a new trial is had. Appellant sets out an ordinance requiring safety gates and watchmen, supported by an affidavit, which it filed. Appellee filed counter-affidavit stating that the ordinance was repealed and not in effect.

Rule 1-15 of the Supreme Court states that supporting affidavits in a motion for a new trial and counter-affidavits shall be considered as evidence without further introduction on hearing the motion and shall become a part of the record.

This was a trial by the court and Rule 1-8 of the Supreme Court empowered the judge, on the hearing of the motion for a new trial, to open the judgment, take additional testimony and direct the entry of a new judgment.

The newly discovered evidence, with supporting affidavit and counter-affidavit, were in the record and before the court at the hearing on the motion for a new trial. The court refused to reopen the judgment. It does not appear that the new evidence would probably produce a different result.

Motions for new trial on the ground of newly discovered evidence are looked upon with disfavor, and the granting of such motion is within the sound discretion of the trial court whose ruling will not be disturbed except for an abuse of discretion. *Bartley* v. *Chicago & E. I. Ry. Co.* (1942), 220 Ind. 354, 360, 41 N. E. 2d 805; *Koeneman* v. *Aldridge* (1955), 125 Ind. App. 176, 184, 122 N. E. 2d 345; *Sprague* v. *Sowash* (1952), 122 Ind. App. 519, 523, 106 N. E. 2d 471.

Error was assigned in the motion for a new trial claiming error when the court sustained the objection

to a question to appellant's witness, Loren Hurley, asking if it were not the practice of appellee-railroad to maintain warnings at this crossing. The appellee objected and the court sustained the objection stating, "I will sustain the objection. You don't allege they were in the habit of having one, although not required by law, and that you were led to rely upon that."

If the purpose of the question was to establish that appellant was free from contributory negligence, the court should have been so informed by appellant's offer to prove. Invited error is not reversible error. *Shilling* v. *Varner* (1914), 181 Ind. 381, 385, 103 N. E. 404; *Domestic Block Coal Co.* v. *De-Armey* (1913), 179 Ind. 592, 606, 100 N. E. 675.

The witness, George Haas, driver of appellant's truck, was asked if at other times when he went over this crossing, watchmen or signalmen were there. Objection of appellee to this question was sustained.

A written statement of the witness, Loren Hurley, taken August 30, 1957, was introduced in which he stated, "At times I have seen either flares or a flagman or both at this intersection. Other times I have not seen either."

The witness, John Marshall Downton, stated, "At one time of day I did flag that crossing." This witness, when questioned as to whether or not, when he flagged the crossing, there was another man with him waving a fusee, answered, "Yes, sir."

Appellant's alleged error that it was harmed by the court's not permitting appellant's driver, George Haas, to testify as to appellee's custom of signals at this crossing, was rendered harmless by the trial court's hearing the evidence on this subject from appellant's witnesses, Loren Hurley and John

Marshall Downton. *Wheeler* v. *St. Paul, etc. Stone Co.* (1921), 191 Ind. 75, 83, 132 N. E. 1; *Stewart* v. *Stewart* (1911), 175 Ind. 412, 414, 94 N. E. 564.

We have carefully examined each of the causes for new trial and feel that the case was fairly considered in the trial court.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Cooper, C.J., and Carson, J., concur.

Ryan, J., concurs in result.

NOTE.—Reported in 188 N. E. 2d 829. Transfer denied, Landis, Acting C.J.; Jackson, J., concurs in result.