VICTOR BARTOSZEK *v.* ALVAH MARSHALL ET AL.

[No. 768A129. Filed December 15, 1970. Rehearing denied February 1, 1971. Transfer denied June 4, 1971.]

*George Vann, Barce, Barce & Vann,* of counsel, of Kentland, for appellant.

*Ronald T. Spangler, John F. Schmoll, Spangler, Jennings, Spangler & Dougherty,* of Gary, *Thomas B. Dumas,* of Rensselaer, for appellee Marshall. *Richard O. Olson,* Chicago, Illinois, *Owen Wm. Crumpacker, Harold Abrahamson, Crumpacker & Abrahamson,* of Hammond, for appellee, New York Central Rairload Company.

SULLIVAN, J.—This action was brought by plaintiff-appellant, Victor Bartoszek, against Alvah Marshall and the New York Central Railroad Company for damages for personal in-

juries resulting from a collision of plaintiff's auto with one driven by Alvah Marshall, as the agent for the railroad. Trial was had by jury, which returned a verdict in favor of the defendants.

The question to be determined by this court is the ruling of the trial court which rejected certain evidence offered by the plaintiff on redirect examination. Plaintiff offered the evidence for the purpose of rehabilitating himself after he had been impeached during cross-examination. In order to fully understand the trial court's ruling it is necessary to note the impeaching questions and answers. The defendant, after introducing plaintiff's naval medical record into evidence (which showed that plaintiff had been seriously hurt when his jeep overturned in China in 1947) proceeded as follows:

"Q You were under oath when you answered the interrogatories submitted to you, why, when you were asked this question: 'List any accident in which you have sustained any injuries, giving the dates, places, nature of accident and scope and extent of the injuries you received therein?', and you answered 'None'?

A That had been a long time ago and at the time I was in very good shape.

Q That wasn't the answer you gave to the interrogatory.

A I don't know what the interrogatory said, these things happened a long time ago.

Q One interrogatory was the one I just read to you, to which you answered 'None,' and the next interrogatory was 'How many times have you received treatments for any disease, illness or ailment in the past to the present time. Give the dates of such treatments, the nature of the disease, illness or ailment, and if it resulted in disability, state the details and the dates covering such disability?', and your answer was 'None', those are your answers, under oath, is that correct?

A If that is written there, that is my signature and apparently I said that."

In an effort to rehabilitate the plaintiff on redirect examination, an offer was made by him to introduce the complete

set of plaintiff's answers to the interrogatories, a portion of which had been used by the defendant, as hereinbefore set forth, to impeach the plaintiff. The plaintiff also attempted to get before the jury certain other answers to the interrogatories. Plaintiff was asked upon redirect examination whether he had also been asked in the interrogatories to state the approximate dates and places when X-rays, myelograms, or fluoroscopic views were taken of him in the 15 years preceding December 11, 1963. Although the plaintiff offered the interrogatories and the answers to them into evidence for the purpose of explaining and placing into proper perspective the matters which were brought out during the cross-examination with reference to plaintiff's prior injuries and not as proof of the substantive matters contained in the interrogatories, the trial court sustained the defendants' objections in the following colloquy:

"MR. SPANGLER: Same objections and he testified under oath he had never been injured before, it was admission against interest, but for him to be able to read the interrogatories into the evidence, which are self-serving, is not proper.

THE COURT: Objection sustained.

MR. VANN: We didn't introduce them.

THE COURT: They didn't introduce them either.

MR. VANN: They made reference to three or four questions, doesn't the plaintiff have the right to introduce the whole thing?

THE COURT: No, just that part of it, those three or four questions."

The effect of the ruling was to leave with the jury the possible impression that the plaintiff deliberately tried to conceal the prior injury suffered in China.

If the answers had been admitted the jury would have been aware that the plaintiff in response to a particular interrogatory had answered that he had been hospitalized on a U.S.

Naval hospital ship and that plaintiff's shipboard confinement was for treatment of the injury that he had received while in China. If plaintiff was deliberately and consciously attempting to conceal the prior injury in the answers to the defendant Marshall's interrogatories which had been admitted into evidence upon cross-examination, it is unlikely that he would disclose the fact that he was hospitalized aboard ship for that very injury. Therefore, the defendants' contention and the trial court's conclusion that there was nothing in the interrogatories that would rehabiiltate or explain the plaintiff's contradictory statement is erroneous.

When a witness or a party has been impeached by prior utterances showing self-contradiction, fairness requires that he be allowed to explain away their effect if he is able. In III *Wigmore on Evidence,* (3rd Ed.), § 1045, p. 739, the following discusson of the problem of explanation of impeachment by prior utterances appears:

"Putting in the Whole of the Contradictory Statement. In making this explanation, it is obvious that in theory all that is allowable, where the witness wishes to show that the true significance of the former statement has been distorted by a fragmentary repetition of it, is the addition of *such other parts of the statement as explain* its true significance,—and not the entire conversation or writing, which may contain portions wholly irrelevant for the legitimate purpose of explanation. Such is the rule in England. But in the United States it is common to say that *the whole of the conversation,* or of the *former testimony or the deposition,* may be received.

"There is much to be said in favor of this looser doctrine, (1) because it affords a simpler test and avoids a continuous and petty wrangle over the various parts of the conversation or deposition, and (2) because the possible disadvantage of introducing some irrelevant matter may well be borne by the party who provoked this result by attempting to introduce a fragmentary portion. * * *"

This court has most recently indicated a preference for the more liberal rule, and in *Elgin, Joliet & Eastern Ry. Co.* v. *Collins* (1970), 147 Ind. App. 343, 260 N. E. 2d 810, 813, held:

"We believe that the rule in Indiana, notwithstanding some confusion and inconsistency in the pronouncements in some of the older cases, is the simple rule stated by ■ Wigmore. Thus, when the defendant put part of the witnesses statements into evidence by questions asked on cross-examination, the door was opened for plaintiff to put the whole statement into evidence on redirect examination. Shelby National Bank, Adm. v. Miller (Ind. App. 1970), 259 N. E. 2d 450, 469."

See also *Brown* v. *State* (1915), 184 Ind. 254, 108 N. E. 861; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494; *New York Central Railroad Co.* v. *Wyatt* (1962), 135 Ind. App. 205, 184 N. E. 2d 657. But see *Hopkins* v. *State* (1913), 180 Ind. 293, 102 N. E. 851; *Tyrrel* v. *State* (1912), 177 Ind. 14, 97 N. E. 14; *Spickelmier* v. *Hartman* (1919), 72 Ind. App. 207, 123 N. E. 232.

We believe that the exclusion of plaintiff's rehabilitating evidence violated the rule and was erroneous.

We find little merit in defendants' further contention that the answer was inadmissible because it is a self-serving declaration which was made under circumstances where the plaintiff was not subject to cross-examination. It is apparent that the nature of the subject-matter covered in the answer is not self-serving. Moreover, plaintiff's purpose in introducing the answer was not to prove the fact the plaintiff had had X-rays, myelograms or fluoroscopic views taken on the hospital ship. Rather it was to explain away the effect of the earlier impeachment.

The defendant-appellee New York Central Railroad Company advances the additional argument that the answer was not admissible because it was made prior to the time that the New York Central was a party to the action. We reject this argument. The New York Central's interest at trial is protected, not by an objection to the admission of the evidence, but rather by a request at the time of the offer, for an admonition that the jury is to consider the evidence only for the allow-

able purpose. Moreover, the New York Central waived this argument by failing to object to the initial use of the interrogatories by the defendant Marshall to impeach the plaintiff.

Lastly, we find no merit to appellees' contention that any alleged error with regard to the exclusion of the interrogatory answers has been waived by appellant's failing to include the interrogatories in the Bill of Exceptions. Generally, in order to present any question regarding the exclusion of evidence, if the evidence is parol, by way of offer to prove the witness should be put on the stand and questioned, and the testimony expected stated; if the evidence is documentary, it should be identified and then offered. *Smith* v. *Gorham* (1889), 119 Ind. 436, 21 N. E. 1096. In the instant case the plaintiff on redirect examination was asked:

> "Q  Now, Mr. Bartoszek, do you recall you also told these defendants in these interrogatories, in answer to this question: 'State the approximate times and places when X-rays and/or myelograms and/or fluoroscopic views were taken of you in the 15 years next preceding December 11, 1963'?"

After the trial court sustained the defendants' objection to the question the plaintiff made the following offer to prove:

> "If the plaintiff were permitted to answer the question he would state that his answer was 'U.S. Naval Hospital Ship Repose in China.' "

In addition, the plaintiff on re-redirect examination identified the interrogatories and answers thereto as Plaintiff's Exhibit No. 6 and formally offered them in evidence as follows:

> "MR. VANN:  May it please the Court, the plaintiff will now introduce in evidence what has been marked for identification as Plaintiff's Exhibit No. 6, not for the purpose of proving any of the substantive matters contained in the plaintiff's Exhibit 6, but merely to explain and

to show prior statements that were made by the plaintiff in connection with whether or not he had been involved in any other accident. We are not introducing it as evidence, but to explain other answers and to prove prior statements.

MR. ABRAHAMSON: Object, the Court has read the interrogatories and answers, and there is nothing in there that shows he was involved in a prior accident and had prior injuries, it is self-serving.

THE COURT: There is nothing in there inconsistent with what he has said.

MR. SPANGLER: The defendant Marshall joins in these objections.

THE COURT: The objections of the defendant New York Central Railroad Company and the objections of the defendant Alvah Marshall sustained."

Such offers are a matter of record. Thus, it is evident that the plaintiff complied with the requirements of *Smith* v. *Gorham, supra,* regarding both parol and documentary evidence.

By reason of the result we reach herein we do not address ourselves to other allegations of error made by plaintiff-appellant.

For the foregoing reasons the judgment of the trial court is reversed and remanded with instructions to sustain plaintiff-appellant's motion for new trial.

Lowdermilk, C.J., and Carson, J., concur; Lybrook, J., not participating.

NOTE.—Reported in 264 N. E. 2d 635.