STATE OF INDIANA *v.* VINCENZA L. BRYANT.

[No. 2-174A14. Filed December 29, 1975.]

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellant.

*Richard Kammen, Martz, Bowman & Kammen,* of Indianapolis, *Frank E. Stevenson,* of Noblesville, for appellee.

HOFFMAN, J.—The appellant State of Indiana has perfected this appeal[1] from a judgment of the trial court acquitting defendant-appellee Vincenza L. Bryant (Bryant) of the crime of second degree murder[2] following a trial by jury.

On appeal, the State first asserts that five exhibits which it sought to introduce during its case-in-chief were erroneously suppressed by the trial court. These exhibits were "notes" which had been written by Bryant. On the day following the shooting which resulted in the charge against Bryant, her son removed such notes from her home without her permission. He later voluntarily turned them over to the police. At no time did he act as an agent for any law enforcement officer.

1. *See:* IC 1971, 35-1-47-2 (Burns Code Ed.).
2. IC 1971, 35-1-54-1, Ind. Ann. Stat. § 10-3404 (Burns Supp. 1975).

At trial, Bryant's counsel moved the trial court to suppress such exhibits on the ground that they had been seized without a warrant in violation of Bryant's Fourth Amendment constitutional rights. This motion was granted by the trial court.

It is clear that upon these facts such evidence should not have been excluded for the reason stated in Bryant's motion. *See: Burdeau* v. *McDowell* (1921), 256 U.S. 465, 65 L.Ed.2d 1048, 41 S.Ct. 574, 13 A.L.R. 1159; *United States* v. *Knox* (5th Cir., 1972), 458 F.2d 612, 615, *Cert. denied*, 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85; *Duran* v. *United States* (9th Cir., 1969), 413 F.2d 596, 608, *Cert. denied*, 396 U.S. 917, 24 L.Ed.2d 195, 90 S.Ct. 239; *Watson* v. *United States* (5th Cir., 1968), 391 F.2d 927, 928, *Cert. denied*, 393 U.S. 985, 21 L.Ed.2d 446, 89 S.Ct. 459; *United States* v. *McGuire* (2d Cir., 1967), 381 F.2d 306, 312-13, *Cert. denied*, 389 U.S. 1053, 19 L.Ed.2d 848, 88 S.Ct. 800. See also: Annot., 36 A.L.R.3d 553 (1971).

However, these exhibits are not contained in the record now before the court. Our Supreme Court was confronted by a similar situation in the case of *Marks* v. *State* (1942), 220 Ind. 9, 40 N.E.2d 108, and at 23 of 220 Ind., at 113 of 40 N.E.2d, stated:

"If there is any ground which would have justified its exclusion, it was not error to exclude the evidence, and, without the exhibit before us, we are unable to say that it was erroneously excluded." See also: *Valcan Corp.* v. *M. T. Sparks, Inc.* (1968), 143 Ind. App. 543, 241 N.E.2d 862 (transfer denied).

Similarly, this court is unable to say in the case at bar that error was occasioned by the exclusion of these exhibits.

Appellant also asserts that the decedent's death certificate was improperly excluded from the evidence at trial. However, this exhibit also does not appear in the record of this cause and this contention, too, can be of no avail to appellant under the rule of law last stated hereinabove.

Appellant further contends that the trial court erroneously excluded the testimony of two witnesses during their direct examination as to certain telephone conversations between the decedent and the appellee. However, there is no indication in the record as to what the testimony of such witnesses would have been. In *Smith et al.* v. *Gorham et al.* (1889), 119 Ind. 436, at 439, 21 N.E. 1096, at 1097, our Supreme Court stated:

> "If the evidence which the appellants desired to introduce rested in parol, then the witness from whom the proof was to come should have been placed upon the stand, and a question propounded, and if objected to, and the objection sustained, then an offer should have been made as to what the witness would state in answer to the question. This would have properly presented the question in the record." Similarly, *see Bartoszek* v. *Marshall et al.* (1970), 148 Ind. App. 214, 220, 264 N.E.2d 635 (transfer denied).

Because the State made no offer to prove following the rejection of such evidence during its direct examination of these two witnesses, these issues are not reviewable on appeal. *Chatman* v. *State* (1975), 263 Ind. 531, 334 N.E.2d 673, 678; *Marposon et ux.* v. *State* (1972), 259 Ind. 426, 429, 287 N.E. 2d 857; *Piggly-Wiggly Stores* v. *Lowenstein* (1925), 197 Ind. 62, 74, 147 N.E. 771; *Williams* v. *Chapman* (1903), 160 Ind. 130, 131, 66 N.E. 460; *Burnett* v. *State* (1975), (on petition for rehearing) 162 Ind. App. 543, 322 N.E.2d 125 (transfer denied).

Appellant also contends that the trial court erred in excluding the testimony of another witness who overheard a telephone conversation between the appellee and the decedent. Although this issue has been properly preserved for appeal, the offer to prove made by the State following the exclusionary ruling reveals that the substance of such proffered testimony had been previously admitted in evidence. Even assuming, without deciding, that the exclusion of such evidence by the trial court was erroneous, any error occasioned thereby would be harmless in view of the

admission of such previous testimony on this subject. *Silver Fleet Motor Exp.* v. *N.Y.C.R.R.* (1963), 134 Ind. App. 696, 703, 188 N.E.2d 829, (transfer denied) ; *Costa et al.* v. *Costa et al.* (1953), 124 Ind. App. 128, 132, 115 N.E.2d 516.

The next issue which must be considered herein is whether the trial court erred in ordering the suppression of certain statements to police officers made by the appellee immediately following the incident which resulted in the charge against her. Such suppression order was entered following the filing of a "Motion to Supress [sic] Evidence" by the appellee and an evidentiary hearing thereon.

The basis stated by the trial court for its order of suppression was that the warning of constitutional rights which was read to appellee prior to her interrogation was inadequate under *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

On appeal, the State asserts that such rights warning was adequate, and that such a warning was unnecessary because the questioning here at issue was not custodial in nature.

However, it appears from the record, and the State has not contended otherwise, that such conversation or interrogation was fully revealed to the jury during the cross-examination of appellee and through other witnesses on rebuttal. Furthermore, a thorough review of the State's brief and the record before us discloses that no instruction placing a limitation upon the use of such testimony was given to the jury.[3] In short, it appears only that evidence of such interrogation was excluded by the trial court at one point and was later admitted without limitation. Any possible error in the initial exclusion of such evidence was rendered harmless by the subsequent unrestricted admission of

---

3. A defendant-witness may be impeached through statements made in the absence of *Miranda* warnings, even though such statements are made in a situation normally requiring such warnings, where an instruction is given to the jury so limiting the use of such testimony. *Harris* v. *New York* (1971), 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1.

the same evidence. *Cf: Azimow v. Stoker* (1960), 131 Ind. App. 195, 205-207, 166 N.E.2d 887 (transfer denied).

The State next contends that the trial court erred in entering a discovery order requiring the State to disclose to the appellee "any information or evidnece in * * * [its] control * * * which could be exculpatory in nature * * *." However, our Supreme Court has held that in a criminal case "the prosecution has a duty to reveal *sua sponte* any exculpatory evidence in its possession, and that a failure to do so is a violation of the due process clause of the Fourteenth Amendment." *White v. State* (1975), 263 Ind. 302, at 304, 330 N.E.2d 84, at 85. *Cf: Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; *Fair v. State* (1969), 252 Ind. 494, 250 N.E.2d 744.

It is apparent that the State could not have been harmed by the trial court's discovery order, inasmuch as it was already under a duty to reveal any such evidence within its control at the time such order was entered.

The next issue presented by this appeal is whether the trial court erred in refusing to give the "State's tendered instruction number 6." A review of the record discloses that the only instructions tendered by the State which have been properly made a part thereof are State's tendered Instructions Nos. 5. and 7.

Our Indiana Rules of Trial and Appellate Procedure require that tendered instructions which are refused must be included in the record. *See:* Ind. Rules of Procedure, Trial Rule 51(C) and Ind. Rules of Procedure, Appellate Rule 7.2(A)(2) and 7.2(B). One obvious purpose of such rule is to enable a reviewing court to examine the exact text of such an instruction, a first step necessary to any rational determination of the effect of its omission. Because "State's tendered instruction number 6" is not included in the record before this court, nothing is presented for review by this specification of error.

The final issue presented by the State in this appeal is whether the trial court erred in giving to the jury "Defendant's Tendered Instruction No. 4." The specific contentions made by the State with regard to such instruction are that it confuses the legal concepts of motive and self-defense, and was misleading due to its use of both positive and negative phraseology.

Appellant has not specified exactly wherein this instruction was confusing. This court is satisfied after a careful examination of this instruction, however, that its wording contains no patently obvious defect which would prevent it from accurately conveying the meaning and significance of the concept of motive in homicide cases to a juror of average intelligence. *Brewer* V. *State* (1969), 253 Ind. 154, 252 N.E. 2d 429.

The appeal is not sustained.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 338 N.E.2d 690.