**Marc J. DILLON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 380S84.**

Supreme Court of Indiana.

July 8, 1981.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of rape, criminal deviate conduct and confinement. He was sentenced to three terms to be served concurrently; twenty years, twenty years and four years respectively. He appeals to this Court, raising two issues.

The facts most favorable to the State are as follows:

On October 6, 1979, the victim, L.S., accompanied by two girlfriends, went to the Patio Lounge in Broad Ripple. One girl left. The victim and her friend were joined by others, including the appellant. The five left the bar together, but the victim and her girlfriend were subsequently separated. The victim enlisted appellant's aid in attempting to locate her girlfriend. Following the unsuccessful attempt to locate the friend, L.S. drove the appellant to his home. After parking the car in front of his home, appellant demanded that L.S. perform fellatio. When she refused, he began to beat her about the face. He threatened to cut and kill her with a glass found on the floorboard of the car. After losing her grip on the steering wheel, screaming and honking the car horn, the victim was taken inside the house. There she was raped three times and forced to commit fellatio twice. The appellant released L.S., who drove immediately to the Marion County Sheriff's Office.

Appellant first claims the verdict was not based on substantial evidence. He argues that the State failed to prove beyond a reasonable doubt he used force or imminent threat of force and that evidence adduced at trial indicated the sexual relationship was mutually agreeable. Appellant testified that intercourse was consensual.

In reviewing a case for sufficiency of the evidence, this Court will not weigh the evidence nor judge the credibility of the witnesses. We look only to the evidence favorable to the State and the reasonable inferences drawn therefrom. If there is evidence of probative value to support the jury's determination of guilt beyond a reasonable doubt, we will decline to disturb the verdict. *Williams v. State*, (1980) Ind., 406 N.E.2d 241.

The facts disclosed in this record clearly satisfy the essential elements

charged. A conviction for rape may rest on the uncorroborated testimony of the prosecuting witness if such was sufficient to convince the jury beyond a reasonable doubt of defendant's guilt. *Snider v. State*, (1980) Ind., 412 N.E.2d 230, *Borden v. State*, (1980) Ind., 400 N.E.2d 1368. The verdict in this case is supported by sufficient evidence.

Appellant claims the trial court erred in admitting into evidence three photographs of the victim. He contends the photographs were not true and accurate depictions of L.S. and her condition.

The record reveals the photographs were taken later in the day of the rape which occurred in the early morning hours. L.S. testified that all three photographs depicted her appearance on that date. She further testified the facial bruises in the pictures were a result of the beating by appellant. Detective David Beaman testified the bruises shown in the photographs weren't "quite as bad as what they appeared in real life...." The victim's husband also testified as to the accuracy of the photographs. He stated that each of the photographs truly and accurately depicted his wife's condition on the date they were taken. Defense counsel in preliminary questions to the victim's husband attempted to show the victim's skin was more fair than two of the photographs displayed and were, therefore, not accurate representations. However, the victim's husband testified that "as far as the bruises and the condition of her face, that's the way it was on that afternoon."

 The admission of photographic evidence is within the sound discretion of the trial court and will not be disturbed unless the appellant demonstrates an abuse of discretion. *Sloan v. State*, (1980) Ind., 408 N.E.2d 1264, *Rogers v. State*, (1979) Ind., 383 N.E.2d 1035. To be admissible, a photograph must be relevant and a true and accurate representation of the thing it is purported to portray. *Gee v. State*, (1979) Ind., 389 N.E.2d 303. The "things" represented are the injuries L.S. sustained immediately preceding the rape, not her skin coloring. Three witnesses testified that the pictures correctly showed the victim's condi-

tion. There was no error in admitting the photographs into evidence.

The trial court is in all things affirmed.

All Justices concur.