Eugene HOPE, Appellant,

v.

STATE of Indiana, Appellee.

No. 881S224.

Supreme Court of Indiana.

Aug. 6, 1982.

Robert E. Stochel, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of two counts of Murder. He was sentenced to a forty-five (45) year term of imprisonment.

The record discloses that on May 10, 1980, two men were found shot to death in Gary, Indiana. An eyewitness testified he saw appellant shoot the two victims. Appellant's girlfriend, Donna, stated appellant told her he had shot two men. Appellant's hat was found near the bodies. Appellant was also linked to the murder weapon.

The facts relevant to this appeal revolve around two letters written by appellant to his girlfriend who was then residing with her mother in Tennessee. The letters implicated appellant in the murders. Donna testified she read the letters, kept them in her purse and did not make any copies. Nonetheless, her grandmother, a Gary resident, gave copies of the letters to the Gary Police Department. The record does not reveal how Donna's grandmother came into possession of the copies. The day before trial, Donna gave the letters to the prosecutor.

Appellant claims the trial court erred in admitting over defense objection the two letters penned by him to his girlfriend. He argues the letters were illegally seized without a warrant in violation of his Fourth Amendment right to be free from unreasonable search and seizure.

A defendant has no constitutional right to challenge the search or seizure of another person's property. *Johnson v. State*, (1979) Ind., 390 N.E.2d 1005, *cert. denied*, 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312; *Greer v. State*, (1970) 253 Ind. 609, 255 N.E.2d 919. Thus, appellant lacks standing to assert this contention.

Because the alleged search and seizure was made without a warrant, appellant argues the State carried the burden of showing the police action fell within one of the specific exceptions to the warrant requirement. Although a correct statement of law, *Murrell v. State*, (1981) Ind., 421 N.E.2d 638; *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042, the principle is misapplied to the factual situation at bar.

In the case at bar, there is no evidence that Donna's grandmother had been solicited to gather information for or act as an agent of the police. There was no testimony how the grandmother had come into possession of the letters. We liken these facts to those presented in *State v. Bryant*, (1975) 167 Ind.App. 360, 338 N.E.2d 690 in which the appellant's son removed notes written by her from her home and without her permission. Her son, not acting as an agent for law enforcement officials, volun-

tarily turned them over to police. The trial court granted appellant's motion to suppress the notes based on the ground they had been illegally seized without a warrant in violation of the Fourth Amendment constitutional guarantees. The Indiana Court of Appeals held the evidence was erroneously excluded for the reason set forth in the motion. Similarly, we hold the trial court in this case did not err in admitting the letters.

Appellant claims the trial court abused its discretion when it admitted into evidence State's Exhibit 4, a photograph of the body of one of the victims. Appellant argues the photograph was irrelevant and prejudiced the jury against him.

The admission of photographic evidence is within the sound discretionary ambit of the trial court. It will not be disturbed absent a demonstration of an abuse of that discretion. *Dillon v. State*, (1981) Ind., 422 N.E.2d 1188. Despite its gruesome nature, a photograph is admissible if it accurately depicts a scene or object which a witness could describe. *Bledsoe v. State*, (1980) Ind., 410 N.E.2d 1310.

The photograph depicted the body at the scene of the offense in the same position as it was found. A foamy substance emanating from the mouth was in view. Although another photograph had been admitted, Exhibit 4, taken from a different angle, was relevant to show the crime scene, position of the victim and aided in orienting the jury. A Deputy Coroner testified regarding the froth at the mouth which sometimes occurs in the case of trauma to the body. There was no error in the admission of the photograph.

The trial court is in all things affirmed.

All Justices concur.