JENNIE MAY MARPOSON ET UX. *v.* STATE OF INDIANA.

[No. 1069S233. Filed October 19, 1972.]

*Michael C. Harris, Robert A. Welsh,* of Chesterton, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

PRENTICE, J.—Plaintiff (Appellee) condemned a portion of the defendants' (appellants') land for highway purposes. This is an appeal from the jury's award and damages and assigns four alleged errors:

    (1) The court erred in rejecting defense testimony to the effect that the defendants had had no offer to purchase the residue subsequent to their having learned of the affect the condemnation would have upon the property.

    (2) The court erred in sustaining the plaintiff's objection to testimony from a defense witness, when asked if he or the plan commission had made any recommendations with respect to the highest and best use of subject property.

    (3) The court erred in interrogating one of the plaintiff's witnesses.

    (4) The damages assessed by the jury were too low and not sufficient to justly compensate the defendants.

Defendants were the owners of 60.902 acres of land in Porter County, of which the plaintiff condemned 3.564 acres for Interstate Highway 94. The issue at the trial by jury centered upon the damages to the residue, there being marked differences of opinion expressed by the expert witnesses as

to what was the highest and best use to which the residue could be devoted following the condemnation, there being general agreement that prior to that time, such use was for industrial purposes. Defendants' witnesses testified that in their opinion the land had lost its industrial potential by reason of its severance by the new highway from the nearby established industrial area. Plaintiff's witnesses testified that the potential of the land for such use had not been adversely affected. There was competent evidence that the value of the 3.564 acres taken was $12,500.00. The jury award was $17,674.00.

(1) Upon direct examination, one of the defendants was asked: "Mrs. Marposon, since you have learned the I-94 effect on your property, has any individual or corporation or industry approached you in respect to the purchase of your property?" The court sustained the plaintiff's objection to such question. Defendant made an offer to prove that, if permitted to answer, the witness would have answered, "No." It is Defendants' contention that such evidence was relevant to show that there was no market for the land following the condemnation. They cite two Pennsylvania cases, wherein it has been held that evidence of offers made for property condemned is admissible to show that the same is desirable and marketable, although the amount of such offer would not be admissible. *Whitcomb* v. *City of Indianapolis* (1919), 264 Pa. 277, 107 At. 765, *Kelly* v. *Redevelopment Authority of Allegheny County* (1962), 407 Pa. 415, 180 At. 2d 39.

We question that we would follow such policy but need not make that determination for several reasons. Here, the evidence was not of offers but of the absence of any. Assuming that evidence of mere offers would be probative upon the issue of demand and the ultimate issue of value, which we seriously doubt, the absence of offers, nevertheless, evidences nothing. One might speculate endlessly as to the reasons why there were no offers to purchase. Additionally, the evidence was tendered in attempt to show

that there had been no offers subsequent to the condemnation, because the land had thereby lost its industrial potential. If such evidence could have any probative value, it would have to be that it related the circumstances subsequent to the take to those prior thereto; and, although there was evidence that the general character of the area was industrial prior to the take and a dispute as to its character thereafter, there was no evidence given or offered as to what demand, if any, there had been for the defendants' land prior to the condemnation.

(2) Defendants' witness, F. D. Sams, was asked on direct examination if he or the town Plan Commission, of which he was a member, had made any recommendations with respect to the highest and best use of the land in question. He answered in the affirmative. Upon Plaintiff's motion, the question and answer were stricken. Defendants have not preserved the error, if any, with respect to this specification. They argue in their brief that the ruling precluded their available competent and relevant evidence bearing upon the highest and best use of the land. However, they made no offer to prove in this regard. The offer to prove is necessary to enable both the trial court and this Court to determine the admissibility and relevance of the proffered testimony. *State* v. *Lonegran* (1969), 252 Ind. 376, 248 N. E. 2d 352; *Van Sickle* v. *Kokomo Water Works Co.* (1959), 239 Ind. 612, 158 N. E. 2d 460. Plaintiff requested and was granted an extension of time in which to file its answer brief, and by their reply brief, the defendants would have us disregard their failure to make an offer to prove as a mere technicality waived by virtue of the request and grant of additional time. Appellants' cite the following authorities, but we find them not in point. *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Wylie* v. *Myers* (1958), 238 Ind. 385, 150 N. E. 2d 887. The technicalities deemed waived in those cases were such things as the form of the brief, irregularities in the clerk's authentication of the bill of exceptions, suffi-

ciency of notice, irregularities in the praecipe and similar trivia that could not bear on the merits of the litigation. To be sure, we are committed to a policy of attempting to decide all appeals upon the merits when possible, with increasing regard for the substance and diminishing regard for the form. However, although the rule requiring an offer to prove is a matter of procedure, it is nevertheless substantive and essential to an appealable issue. It is not a mere technical rule adopted for the convenience of the parties or the court.

(3) Following examination and cross-examination of the witness, John Trump, upon the characteristics of an access road abutting subject land and the accessibility of such land by vehicular traffic, the trial judge conducted a separate interrogation of the witness for the obvious purpose of attempting to salvage something from his theretofore unintelligible testimony. We see no error or prejudice here. Defendants refer us to our recent opinion in *Kennedy* v. *State* (1972), 258 Ind. 211, 280 N. E. 2d 611, wherein we were highly critical of the trial judge for an improper examination of several witnesses and reversed, notwithstanding that defense counsel had not entered specific objections to each improper intervention and question. We there noted that counsel had objected to the first such incident and the objection had been ignored. The circumstances were such as to indicate that further objections would be futile and could reasonably be expected to have a prejudicial affect upon the jury. Here, there was no objection interposed, and even if we were to consider the court's line of interrogation error, we would, nevertheless, deem it waived for want of any objection. *Kennedy* v. *State, supra,* was an appeal from a conviction of first degree murder and sentence of death. The impropriety of the court's persistent interventions and interrogations was clear and its effect devastating. It is in no way analogous to the case at bar.

(4) Defendants' fourth assignment, "The damages assessed by the jury were too low and not sufficient to render the

defendant property owner justly compensated * * *" presents no reviewable issue. Their brief under this heading presents the evidence favorable to their cause and argues that in view of such evidence, the award of the jury could be based only upon conjecture and speculation. If we were to regard this assignment as a charge that the verdict is not supported by the evidence or that it is contrary to the evidence, we, nevertheless, would hold against defendants. The evidence presented, as hereinbefore briefly related, was conflicting. It is not our function to weigh it. *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 251 N. E. 2d 439; *City of Indianapolis* v. *Schmid et al.* (1968), 251 Ind. 147, 240 N. E. 2d 66; *Van Sickle* v. *Kokomo Water Works Co., supra.*

Affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 857.