Ruben Velencia RODRIGUEZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 2–678A181.

Court of Appeals of Indiana,
Fourth District.

March 1, 1979.

---

2. See Judge Garrard's comment in *Glissman v. Rutt* (1978), Ind.App., 372 N.E.2d 1188.

J. Bayne Burton, Anderson, for appellant.

Theo. L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

On October 17, 1977, Defendant Rodriguez was charged by Information with the

offense of Robbery While Armed with a Deadly Weapon (a knife), a Class B felony, under IC 35–42–5–1 (effective October 1, 1977). On January 12, 1978, after trial by jury a verdict was returned finding the Defendant guilty of "robbery", for which the trial court sentenced him to a term of 10 years.

ISSUE:

The sole issue presented in the Motion to Correct Errors is whether the trial court imposed the correct sentence in conformity with the law and the verdict of the jury. (Defendant also raised this issue in the trial court by his motion to correct the sentence.)

We reverse as to the sentence.

FACTS:

■ The Information in this case, in pertinent part, read as follows:

"On or about the 16th day of October, 1977, in Madison County, in the State of Indiana, RUBEN VALENCIA RODRIGUEZ and WILLIAM EUGENE COLLINS did knowingly and by using and threatening the use of force on KEITH ANTHONY SCHIMMEL, to-wit: putting a knife to him and threatening to kill him, take property, to-wit: United States Currency from KEITH ANTHONY SCHIMMEL;

All of which is contrary to the form of the statute in such cases made and provided, to-wit: Indiana Code 35–42–5–1, and against the peace and dignity of the State of Indiana." [1]

---

1. The Defendant might have challenged the information as being insufficient to charge the offense of armed robbery because it did not state specifically that the crime was committed "while armed with a deadly weapon". However, it is quite clear that the Defendant was not prejudiced or misled by the phrasing of the information, having acknowledged in his brief that "The Information filed in this cause was under Indiana Code 35–42–5–1 for robbery while armed with a deadly weapon a Class B felony."

Such a challenge was made in *Adams v. State* (1946), 224 Ind. 472, 69 N.E.2d 21, where the affidavit alleged the defendant " 'unlawfully, feloniously and forcibly and by violence and put-ting [victim] in fear, did with the use of a deadly weapon, to-wit: a pistol, rob, take and steal from the possession of [victim] lawful, current money . . .' " The court ruled that charging that the accused committed robbery with the use of a pistol was not substantially different from charging that he committed robbery while armed with a pistol, and that the affidavit was therefore sufficient to advise the accused of the charge. It further concluded that the accused was not misled as evidenced by the fact that he pled "not guilty of armed robbery as charged in the affidavit herein . . . ." An information will be deemed sufficient as long as the accused is made aware of all the essential ingredients of the crime

The statute upon which the Information was based reads:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:
(1) by using or threatening the use of force on any person; or
(2) by putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person."

All of the instructions given by the trial court by which said court attempted to define the elements of the crime charged were incomplete and erroneous in that they cited only the elements of the lesser offense of simple robbery.[2] (For clarity, we refer herein to the Class C felony of robbery as "simple robbery" and to the more serious Class B felony as "armed robbery".) One instruction, which was given both as a preliminary and a final instruction, *without objection by the State,* is set forth below:

"The Statute of the State of Indiana defines the crime of Robbery, *so far as is applicable to the information in this cause,* as follows:
'A person who knowingly or intentionally takes property from another person or from the presence of another person:
(1) By using or threatening the use of force on any person; or
(2) By putting any person in fear; commits robbery, a class B felony.'"[3] (our emphasis)

In addition, the court gave the following final instruction which was *tendered by the State:*

"*The material elements of the offense of Robbery under the information as drawn in this case* which must be proved beyond a reasonable doubt by the State of Indiana are:
1. That the defendant knowingly took property;
2. From another person;
3. By using force or threatening the use of force on any person." (our emphasis)

After deliberation, the jury returned a verdict finding the Defendant "guilty of robbery". The court, before entering judgment, conducted a hearing on aggravating and mitigating circumstances and concluded that the aggravating circumstances were "worthy of being set-off" against the mitigating circumstances. It then pronounced the following judgment:

"* * * the jury having returned a verdict of guilty on January 12, 1978, and the Court having heard evidence on aggravating and mitigating circumstances the Court hereby sentences the Defendant to a term of 10 years to the Indiana Department of Corrections. * * *"

The sentence of 10 years imposed by the court was based on a conviction for armed robbery, a Class B felony. IC 35-50-2-5 provides for a penalty for a Class B felony of a fixed term of 10 years with not more than 10 years added for aggravating circumstances or not more than four years subtracted for mitigating circumstances. The penalty for the violation of a Class C felony (simple robbery) is a fixed term of five years with not more than three years added for aggravating circumstances or not more than three years subtracted for mitigating circumstances. IC 35-50-2-6.

charged whether expressed in terms of the statute or determined to be part of the offense by construction. *Bickel v. State* (1978), Ind.App., 375 N.E.2d 274.
In this case, if indeed it was intended to charge the Defendant with armed robbery, it would have been more appropriate to charge him with committing the robbery "while armed with a deadly weapon, to-wit: a knife".

**2.** The court also instructed the jury that "Included in the offense of Robbery, as set forth in the information" were Theft, a Class D felony

charged (IC 35-43-4-2); Intimidation, a Class A misdemeanor (IC 35-45-2-1); and Disorderly Conduct, a Class B misdemeanor (IC 35-45-1-3).

**3.** This instruction was also erroneous because it included the element of "putting in fear" which was not charged in the information. Of course, the instruction also incorrectly stated that the elements therein constituted a Class B felony when they actually described a Class C felony.

DECISION:

■ The Defendant alleges that the court's sentence was erroneous because it was based on the premise that the Defendant had been convicted of armed robbery when in fact he was convicted of simple robbery. We must agree with the Defendant's assertion.

It appears from the face of the Information that the State probably was attempting to charge the offense of armed robbery. Nevertheless, we are forced to conclude from the record that the Defendant was not prosecuted for that offense but, rather, for the lesser offense of simple robbery. Although the State did not formally move to amend the information to charge simple rather than armed robbery either prior to or during the course of the trial, the instructions given by the court and approved by the State created the same effect.

The jury was advised by the court's instructions both at the outset and at the close of the case of the elements necessary to support a verdict of guilty of the crime charged. These instructions did not include the element of being "armed with a deadly weapon" during the commission of the robbery. Clearly, then, these instructions did not precisely correspond to the charging Information but rather were narrower and served to advise the jury that *it need find only the elements of simple robbery to find the Defendant guilty as charged.* By failing to object to the court's instructions as being incomplete, erroneous or misleading, and by failing to tender a more comprehensive and accurate instruction covering the elements of armed robbery, the State, in effect, elected to prosecute only for the lesser included offense of simple robbery. The final instruction that was tendered by the State and given by the court, stating the elements of "Robbery under the information as drawn", emphasized to the jury that the Defendant was being prosecuted only for simple robbery. The result was the same as if the State had, pursuant to IC 35–3.1–1–5, specifically moved to amend the

information to charge an offense included in the original charge, such an amendment always being permitted, even on the day of trial, if there is no prejudice to the Defendant. *Highsaw v. State* (1978), Ind., 381 N.E.2d 470.

■ It is the duty of the trial court to correctly and completely present the applicable law to the jury so that it will not be misled, can adequately understand the case, and arrive at a fair and correct verdict. *Mendez v. State* (1977), Ind., 367 N.E.2d 1081; *Cockrum v. State* (1968), 250 Ind. 366, 234 N.E.2d 479. Further, the court has a statutory duty to instruct the jury on "all matters of law which are necessary for their information in giving their verdict". IC 35–1–35–1; *Thomas v. State* (1975), Ind. App., 330 N.E.2d 325.

■ It is also the responsibility of the State in efficiently prosecuting a Defendant to see that the instructions are tailored to the charge it has undertaken to prove. The State and the Defendant are entitled to object to erroneous or inapplicable instructions and to tender their own special instructions. Ind.Rules of Procedure, Criminal Rule 8.

■ After considering the duties of the court in conducting a trial and the responsibilities of the State in presenting its case, we must hold that where, as here, an instruction purports to set out all of the elements necessary to be proved to find the accused guilty of the crime charged, and such instruction includes only the elements of the lesser included offense, the prosecution is bound by that instruction. Thus, the jury could not have returned a verdict finding the accused guilty of an offense greater than simple robbery. Since the criminal conduct alleged was effectively "amended" by the jury instructions to simple robbery, a conviction of armed robbery would constitute a denial of the due process afforded a Defendant by the Indiana and United States Constitutions and would be contrary to law.[4] *McFarland v. State* (1979), Ind.

---

4. This case is distinguishable from *Sanford v. State* (1971), 255 Ind. 542, 265 N.E.2d 701,

where the defendant was tried upon an affidavit charging uttering a forged instrument and

App., 384 N.E.2d 1104; *Hazlett v. State* (1951), 229 Ind. 577, 99 N.E.2d 743.

Our conclusion that the trial court's erroneous sentence of Defendant requires remand for a proper sentence is supported by *Scruggs v. United States* (8th Cir., 1971), 450 F.2d 359, cert. denied, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804, a bank robbery case, wherein the court held that, by omitting an essential element of the crime in an instruction, the District Court committed plain error under Rule 52(b), Federal Rules of Criminal Procedure, and remanded the case for sentencing under the lesser offense, stating as follows:

"The indictment under which appellants were found guilty charged in one count a violation of both Sections (a) and (d) of Title 18 U.S.C. § 2113. The instruction given as to the elements of the crime was as follows:

'Three essential elements are required to be proved in order to establish the offense charged in the Indictment. First, the act or acts of taking from the person or presence of another money belonging to or in the care, custody, control, management or possession of an insured savings and loan association as charged. Second, the act or acts of taking such money by force or violence or by means of intimidation. And, third, doing such act or acts wilfully.'

"After defining 'intent' and 'taking by intimidation' and 'wilfully' the Court summarized the elements essential to guilt and again omitted any reference to the essential element of Section (d) as charged, i. e., 'did put in jeopardy the life of Jackie Agnew by the use of dangerous weapons, that is, a shotgun and revolvers.'

"We are convinced that the evidence supports a finding of guilt of both Sections (a) and (d), but under the instructions given we are compelled to hold the jury might have found appellants guilty of violating Section (a) only. See *Morrow v. United States*, 408 F.2d 1390 (8th Cir. 1969); *United States v. Marshall*, 427 F.2d 434 (2nd Cir. 1970). *Cf. Bradley v. United States*, 447 F.2d 264 (8th Cir. 1971). Section (d) is the aggravated offense. *Green v. United States*, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). To put it another way, section (a) under this indictment was a lesser included offense. *Hewitt v. United States, supra*, 110 F.2d [1] at p. 11 [(8th Cir.)]; *see also, Sawyer v. United States*, 312 F.2d 24, 28 (8th Cir. 1963). Under the circumstances we direct that the sentence of appellant Scruggs who was sentenced to twenty-five years imprisonment under Section (d) be vacated and the appellant be returned for sentencing under Section (a)."

For the same result see *United States v. Thomas* (8th Cir., 1975), 521 F.2d 76.

In further support of our conclusion is the very recent case of *The State of New Hampshire v. Goodwin* (1978), N.H., 395 A.2d 1234, where the trial court erroneously sentenced the defendant for aggravated kidnapping (a class A felony) after instructing the jury only as to the lesser kidnapping offense (a class B felony). The Supreme Court of New Hampshire remanded the cause for resentencing, commenting as follows:

"Furthermore, the trial court in its lengthy and detailed instructions to the jury failed to instruct them that the kidnapping would constitute the more serious crime of a class A felony only if the victim had been subjected to serious bodily injury before being released in a safe place. Because the instruction did not include the circumstances necessary to convict under the higher grade, it lacked

---

the court instructed the jury as to the elements of the crime of forgery. Forgery was the offense for which the jury found the defendant guilty. Thus, the verdict was contrary to law because forgery and uttering a forged instrument are two separate crimes and the verdict of the jury did not determine whether the de-

fendant was guilty of the crime charged. However, in this case the Defendant was convicted of simple robbery, an offense included within the charge of armed robbery. *Belcher v. State* (1974), 162 Ind.App. 411, 319 N.E.2d 658; *Bruce v. State* (1952), 230 Ind. 413, 104 N.E.2d 129.

one of the constituent elements necessary to support a jury verdict for the class A felony. *See* 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 13.04 (1977). Although the jury was not instructed on the elements of felony A kidnapping, the judge decided on his own at the time of sentencing that the evidence supported a conviction for felony A kidnapping. This factfinding was improper; it invaded the domain of the jury. [citations omitted] By this action defendant was deprived of his right to have the jury decide whether the State met its burden of proof on all the elements required to support a conviction for felony A kidnapping. Therefore, defendant's conviction for felony A kidnapping cannot stand. *See People v. Hines*, 572 P.2d 467, 470 (Colo.1978). The issue of defendant's guilt as an accomplice to kidnapping, however, was submitted to the jury, and the jury could have properly found him guilty of felony B kidnapping.

Accordingly, the sentence imposed by the trial court for felony A kidnapping must be vacated, and the case remanded to the trial court for sentencing with felony B standards."

Our conclusion that the Defendant must be resentenced necessitates a further finding that the trial court reconsider the mitigating and aggravating circumstances of the crime inasmuch as his original determination in this respect resulted from a hearing conducted under the misconception that the Defendant has been convicted of the Class B felony of armed robbery.

This case is, therefore, remanded to the trial court with instructions to conduct a sentencing hearing pursuant to IC 35–4.1–4–3, and, thereafter, to enter judgment of conviction of robbery, a Class C felony, and sentence accordingly.

CHIPMAN, P. J., and YOUNG, J., concur.