**Steven Mark PEEK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–1182A309.**

Court of Appeals of Indiana, Third District.

Sept. 29, 1983.

Rehearing Denied Nov. 3, 1983.

**452**

Peter L. Benjamin, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., of Indiana, Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial Steven Mark Peek (Peek) was convicted of battery, a Class C felony.[1] Peek appeals, raising the following issues:

(1) Whether Peek's conviction for battery, a Class C felony, as a lesser included offense of robbery, a Class A felony, required proof of an element not alleged in the charging information;

(2) Whether the evidence is sufficient to support Peek's conviction;

(3) Whether the trial court erred in denying Peek's motion for a directed verdict;

(4) Whether the trial court erred in denying Peek's motion to suppress a statement he made to police officers;

1. IC 1976, 35–42–2–1 (Burns Code Ed., 1982 Supp.).

(5) Whether the trial court erred in directing the prosecutor to ask a witness to identify Peek;

(6) Whether the trial court abused its discretion in refusing to release Peek on bond pending appeal.

Reversed and remanded with instructions to modify Peek's conviction and resentence him for the offense of battery, a Class A misdemeanor.

## I.

### Lesser Included Offense

Peek was convicted of battery, a Class C felony, as a lesser included offense of robbery, a Class A felony, the offense charged. He contends that his conviction must be reversed because a conviction for battery, a Class C felony, requires proof of an element which was not alleged in the charging Information.

Peek was charged with robbery under IC 1976, 35–42–5–1 (Burns Code Ed., 1982 Supp.) which provides:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in *either bodily injury or serious bodily injury* to any person other than a defendant."

(emphasis added). He was convicted of battery as a Class C felony, pursuant to IC 35–42–2–1 which provides, in pertinent part:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

(1) a Class A misdemeanor if it results in *bodily injury* to any other person. . . .

\*   \*   \*.   \*   \*   \*

(3) a Class C felony if it results in *serious bodily injury* to any other person or if it is committed by means of a deadly weapon."

(emphasis added). In defining terms used in criminal statutes, our Legislature has established a distinction between "bodily injury" and "serious bodily injury":

"Bodily injury means any impairment of physical condition, including physical pain.

\*   \*   \*   \*   \*   \*

Serious bodily injury means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

IC 1976, 35–41–1–2 (Burns Code Ed., 1982 Supp.).

It is well-established that the charging instrument must give the defendant notice of the offense charged. *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686. This principle operates to bar a conviction of a lesser included offense unless the charging instrument alleges all of the essential elements of that offense. *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098, 1104. The Information charging Peek with robbery alleged that he

"did then and there unlawfully feloniously, knowingly or intentionally take property, to-wit: U.S. Currency, from another person or from the presence of said other person, to-wit: EDWIN A. BROMFIELD, and in the commission of the said taking the said STEVEN MARK PEEK, BRIAN S. FORRESTER & DAVID CARGER did then and there use or threaten the use of force on the said· EDWIN A. BROMFIELD, and as a proximate result of the commission of the said taking the said STEVEN MARK PEEK, BRIAN S. FORRESTER & DAVID CARTER did then and there and thereby unlawfully and feloniously cause *bodily injury* to the said EDWIN A. BROMFIELD."

(Record, p. 14) (emphasis added).

This Information does not allege "serious bodily injury," the element which raises the seriousness of battery from a Class A misdemeanor to a Class C felony. Therefore it does not charge the elements necessary for a conviction of battery, a Class C felony, so Peek's conviction was improper. *Garcia v. State* (1982), Ind.App., 433 N.E.2d 1207.

Peek asserts that this error requires reversal or a new trial. However, if the defendant was not misled in his defense, the conviction may be modified. *Garcia, supra.* The jury was instructed, without objection, regarding battery as a Class A misdemeanor and the elements of that crime were alleged in the Information and tried before the jury. Therefore, Peek's conviction may appropriately be modified as a conviction for battery, a Class A misdemeanor. *Garcia, supra.*

## II.

### Sufficiency

Peek contends that the evidence was not sufficient to support his conviction. He addresses the bulk of his argument to the question whether the evidence supports a determination that he inflicted serious bodily injury or used a deadly weapon. Because we remand this case for modification of the conviction to battery, a Class A misdemeanor, we need only determine whether the record contains sufficient evidence to support his conviction for battery, a Class A misdemeanor.

When reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. We will consider the evidence most favorable to the State and all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value on each element of the crime, we will not disturb the judgment. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957.

The evidence most favorable to the judgment is that, early in the morning of March 8, 1981, Peek and three others beat up Edwin Bromfield in the parking lot of a bar. One of the others hit Bromfield with a stick and stole his wallet. Bromfield was taken to the hospital for treatment of his injuries.

A conviction of battery, a Class A misdemeanor, requires proof that Peek knowingly or intentionally touched Bromfield in a rude, insolent or angry manner and that Bromfield suffered bodily injury as a result. IC 35–42–2–1. The record contains evidence to support each element of this crime. The statements of Peek and Donnie Johnson (Johnson), which were admitted into evidence, support a conclusion that Peek pushed Bromfield down or kicked him.[2] The existence of knowing or intentional conduct may be inferred from the conduct itself and the surrounding circumstances. *Capps v. State* (1972), 258 Ind. 565, 282 N.E.2d 833. Bromfield testified that he was hit on the head, back and sides and required hospital treatment. Photographs admitted at trial depict his injuries. The evidence introduced at trial is sufficient to sustain a conviction of battery, a Class A misdemeanor.

## III.

### Motion for Directed Verdict

At the close of the government's case, Peek moved for a directed verdict on the robbery charge. In arguing this motion, defense counsel tated:

> "If the Court would consider directing out robbery and letting the matter go to the jury on battery, I would feel that makes all the sense in the world, but there has been no showing that he knowingly or intentionally took property and participated in the taking of the property."

(Record, pp. 531–532). Defense counsel also sought a directed verdict on the grounds that venue had not been shown and that Peek had not been positively identified. After the motion was denied, Peek present-

---

2. Peek and Johnson repudiated portions of these statements during their testimony at trial; however, conflicts in the evidence are to be resolved by the trier of fact.

ed evidence. At the close of all the evidence, Peek renewed his motion and it was again denied.

■ Peek was convicted of battery; he was not convicted of robbery. Therefore, we see no harm resulting from the trial court's refusal to direct a verdict on the robbery charge.

■ Peek states in his brief that any failure to prove that the crime took place in Lake County is not reversible error. Therefore he has failed to preserve the error on appeal. *See* Ind.Rules of Procedure, Appellate Rule 8.3(A). Moreover, a directed verdict of acquittal is appropriate only when the State fails to present evidence on an essential element. *Proctor v. State* (1979), Ind., 397 N.E.2d 980. Venue is *not* an element of the crime and does not go to the guilt or innocence of the accused. *Hatton v. State* (1982), Ind., 439 N.E.2d 565; *Smith v. State* (1980), Ind.App., 408 N.E.2d 614. Although direct evidence of venue is preferred, circumstantial evidence may be sufficient to prove venue by a preponderance of the evidence. *Hatton v. State, supra; Morris v. State* (1980), Ind., 409 N.E.2d 608. In this case, the street address of the bar was given. Lake County police investigated the incident and one of them described the boundaries of the territory he was assigned to on the night of the incident. The jury could reasonably have inferred from this information that the crime occurred in Lake County. The record contains sufficient evidence of venue. Therefore, the trial court did not err in refusing to direct a verdict.

■ Peek's third basis for his motion was that no positive identification of him had been made.[3] During cross-examination, Johnson, who testified for the State, identified Peek as the man present at the beating. Peek's contention was erroneous; therefore the trial judge did not err in denying the motion for directed verdict.

## IV.

### Voluntariness of Peek's Statement

Peek contends that the trial court erred in admitting the statement he made to the police shortly after the incident, alleging that the statement was not made voluntarily.

■ In order for a confession to be admitted into evidence, the State must prove, beyond a reasonable doubt, that the defendant voluntarily and intelligently waived his rights and that the confession was given voluntarily. *Owens v. State* (1981), Ind., 427 N.E.2d 880, 884. The voluntariness of a statement is determined by examining the totality of the circumstances for evidence that the statement was induced through violence, threats or improper influences which overcame the will of the accused. *Long v. State* (1981), Ind., 422 N.E.2d 284, 285–86. In reviewing the trial court's ruling on the issue of voluntariness, we will examine only the evidence most favorable to that ruling, when the evidence is conflicting, to determine whether substantial probative evidence supports that ruling. *Owens v. State, supra; Jackson v. State* (1981), Ind., 426 N.E.2d 685, 688.

At the hearing conducted outside the presence of the jury to determine whether Peek's statement was made voluntarily, Detective Robert Byrd, Lake County Police Department, testified that Peek was neither threatened nor promised leniency in return for his cooperation. Detective Byrd also testified that Peek did not appear to be intoxicated at the time he waived his rights or gave the statement. The statement contains Peek's signature on every page. Accompanying the statement is a waiver form which Peek also signed. Detective Byrd testified that Peek's rights were read and explained to him before he read the waiver form himself and signed it.

■ Peek argues that he was tired and intoxicated, that the police yelled and swore at him and that they promised to help him if he cooperated with them. Vague statements by the police that they will help the

---

**3.** Peek alleges error in the trial court's request that the prosecutor ask witness Brian Forrester to identify Peek. This issue is discussed separately, *infra.*

accused do not render the statement inadmissible. *See Long v. State, supra.*

■ The record contains sufficient evidence to support the trial court's finding that Peek's statement was made voluntarily. Therefore, it was not error to admit the statement into evidence.

## V.

### In-Court Identification

Peek contends that the trial court erred in directing the prosecutor to ask a witness to identify him. Following cross-examination of Brian Forrester, a witness for the State, the court, outside the presence of the jury, asked the prosecutor to ask Forrester to identify Peek. In the presence of the jury, the trial court allowed the State to reopen direct examination and Forrester identified Peek. Peek argues that the court exceeded its authority by assisting the State in proving its case.

■ It is well-established that a trial judge must maintain an impartial manner and refrain from acting as an advocate for either party. However, the judge may intervene to promote clarity or dispel obscurity and may interrogate a witness so long as he does not improperly influence the jury with his opinion. *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, 1065–66, *cert. denied,* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. *Kennedy v. State* (1972), 258 Ind. 211, 280 N.E.2d 611. In this case, the judge's remarks were made outside the presence of the jury, so he did not risk influencing the jurors by his action. It is within the trial judge's discretion to give technical assistance to an attorney as part of his duty to guide the trial with fairness and integrity. *Musick v. State* (1976), 265 Ind. 207, 352 N.E.2d 717. Likewise, the trial judge may, in the exercise of his sound discretion, allow the State to reopen its case. *Lewis v. State* (1980), Ind.App., 406 N.E.2d 1226, 1230. Peek had previously been identified during cross-examination of

State's witness Johnson. During the defendant's case, Peek admitted being in the parking lot while Bromfield was beaten. Therefore, no prejudice could have resulted from the trial court's request that Forrester identify Peek. We find no abuse of discretion.

## VI.

### Appeal Bond

Peek contends that the trial court refused to release him on bond pending appeal because the court believed that he was convicted of battery committed by means of a deadly weapon. The record does not support this contention.

■ The record of the sentencing hearing contains the following discussion of an appeal bond:

"BY MR. MULLINS:

At this time we would respectfully ask the Court to consider a reasonable appeal bond. He has already served 137 days which would be five months approximately, five months of the term of a year and half. So, I would ask the Court to set a reasonable appeal bond.

BY THE COURT:

The request for appeal bond is denied.

BY MR. MULLINS:

There is no appeal bond?

BY THE COURT:

No.

BY MR. MULLINS:

The Court is saying that it is non-suspendable offense and sentencing him as he was found guilty of battery, a serious bodily injury?

BY THE COURT:

I believe it is battery with a deadly weapon that is non-suspendable.

BY MR. MULLINS:

Whichever one it is, is the position?

BY THE COURT:

The position of the Court is that the request for appeal bond is denied. It is discretionary anyway."

(Record, pp. 630–631).

Except when a defendant has been convicted of a Class A felony or a crime for which the sentence may not be suspended, the decision to grant or deny bond pending appeal rests within the discretion of the trial court. IC 1976, 35–33–9–1 (Burns Code Ed., 1982 Supp.). Despite defense counsel's effort to put words into the trial court's mouth, the record shows no abuse of discretion in the denial of an appeal bond.

Reversed and remanded with instructions to modify Peek's conviction and resentence him for the offense of battery, a Class A misdemeanor.

HOFFMAN, P.J., and GARRARD, J., concur.