Brenda McGOWAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–9503–CR–113.

Court of Appeals of Indiana.

Oct. 29, 1996.

Richard D. Gilroy, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Brenda McGowan (McGowan) appeals from her conviction for arson, a Class B felony.[1] We affirm.

McGowan presents two issues for our review, which we restate as follows:

1. Whether the verdict for Class B felony arson should be overturned because the information charged Class A felony arson and the trial court only provided verdict forms for Class A felony arson; and

2. Whether the evidence is sufficient to sustain the conviction.

The facts most favorable to the judgment reveal that on May 2, 1994, McGowan was evicted by court order from Tivoli Square Apartments for non-payment of rent. The following afternoon, Selena Harris (Harris) was cleaning apartments in the building when McGowan told her to "get out of there ... because she was going to set it on fire." Record at 218. Around the same time, Margaret Lemon (Lemon), a carpet vendor, arrived at the complex to meet with property manager Karen Lee (Lee) and apartment

manager Carmen Rowley (Rowley). Lemon observed McGowan talking on a pay phone near the leasing office. McGowan was swearing loudly into the phone and yelling, "I'm going to kill Carmen and I'm going to kill Karen." Record at 339. After McGowan hung up the phone, she walked past the office and announced that she had set fire to her apartment. A few moments later, the three women saw smoke pouring from the building.

Rowley then ran to the burning building to warn the residents. McGowan unsuccessfully attempted to block her entrance before fleeing the scene. While Rowley was searching the building for a maintenance worker whom she believed remained inside, she was overcome by smoke. Rowley was rescued by police and treated at the hospital.

Fire investigators later determined that the blaze started in McGowan's apartment. Burn patterns indicated that a flammable liquid had been poured onto the floor inside the entryway of the apartment and then ignited. Property damage was estimated at $25,000. McGowan was subsequently apprehended and charged by information with Class A felony arson. Following a jury trial, McGowan was found guilty, but mentally ill, of Class B felony arson.

### I. *Verdict*

Upon appeal, McGowan contends that the trial court erred in accepting the jury's verdict because she was charged with Class A arson and, pursuant to her successful objection, no final instructions or verdict forms had been provided for Class B felony arson.

The elements of both Class A felony arson and Class B felony arson are set forth in I.C. 35–43–1–1 (Burns Code Ed. Repl.1994), which provides in relevant part:

(a) A person who, by means of fire or explosive, knowingly or intentionally damages:

(1) A dwelling of another person without his consent;

(2) Property of any person under circumstances that endanger human life; or

1. I.C. 35–43–1–1 (Burns Code Ed. Repl.1994).

(3) Property of another person without his consent if the pecuniary loss is at least five thousand dollars ($5,000);

commits arson, a Class B felony. However, the offense is a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

The trial court read a preliminary instruction which quoted the statute and specified the elements that the state was required to prove in order to convict McGowan of either class of felony arson.[2] The State sought verdict forms for both Class A and Class B arson; however, the trial court denied the prosecutor's request as to Class B arson after McGowan objected to the instruction for the lesser included offense.

At the conclusion of evidence, the trial court read the final instructions to the jury and provided them with a copy of both the final and the preliminary instructions. The jury was told to consider the preliminary instructions in reaching its verdict. The jury was also instructed that it could find the defendant guilty if "the State has proven beyond a reasonable doubt the material allegations of the charge against the defendant, or of any offense included thereunder". Record at 64. McGowan objected to the language in the latter instruction informing the jury that they could find her guilty of a lesser included offense. The trial court overruled this objection.

The jury received three verdict forms, providing them with the choice of returning the following verdicts: guilty of Class A felony arson, not guilty, or guilty of Class A felony arson but mentally ill at the time of the offense. During deliberations, the jury sent a message to the trial judge inquiring whether they had the option of finding McGowan guilty of Class B felony arson. The trial

judge responded as follows: "Please re-read your instructions and continue to deliberate." Record at 50.

■ The jury then returned a verdict finding McGowan guilty but mentally ill of Class B felony arson by crossing out "A" on the verdict form and writing in "B". Record at 96. Upon appeal, McGowan contends that her due process rights were violated because she was convicted of a crime for which she was not charged. We disagree.

■ A criminal defendant is entitled to clear notice of the charges against him. Ind. Const. art. 1, sec. 13; *Wright v. State* (1995) Ind., 658 N.E.2d 563, 564. When a defendant is convicted of a lesser included offense which was not separately charged by the State, we look to whether the accused was placed upon fair notice as to the crime against which he must defend. *Meriweather v. State* (1995) Ind.App., 659 N.E.2d 133, 137–38, *trans. denied.* Indiana law recognizes two distinct categories of lesser included offenses: those which are "inherently included" in the greater offense and those which are "included as charged." *Id.* at 138. The lesser offense is "included as charged" if the factual allegations in the charging instrument satisfy all of the statutory elements necessary for conviction of the lesser offense. *Wright, supra* at 567. Whether a defendant may be properly convicted of an "included as charged" offense depends on the wording of the charging instrument. *Id.* at 569; *Meriweather, supra.*

■ A lesser offense is "inherently included" if it may be established by proof of the same material elements or less than all the material elements defining the greater offense, or if the only distinguishing feature is a lesser degree of culpability. *Wright,*

---

2. The instruction quoted the statute and then read:

"To convict the defendant, the State must prove each of the following elements:
The defendant, Brenda McGowan:
1. by means of fire
2. knowingly
3. damaged a dwelling of Klingbeil Management, Inc., without his consent.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.
If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of arson, a Class B felony.
If the State further proved beyond a reasonable doubt the offense resulted in serious bodily injury to Carmen Rowley, you should find the defendant guilty of arson, a Class A felony."
Record at 80.

*supra,* 658 N.E.2d at 566. Because all of the material elements of Class B felony arson are encompassed within the statutory definition of Class A felony arson, it is inherently included in the greater crime. *Lahrman v. State* (1984) Ind.App., 465 N.E.2d 1162, 1168, *trans. denied.* "If a lesser offense is inherently included in a greater one, by definition any information sufficient to charge the greater offense necessarily charges the lesser", *Meriweather, supra,* 659 N.E.2d at 140, and is also sufficient to inform the defendant of the need to defend against the lesser offense. *Vincent v. State* (1994) Ind.App., 639 N.E.2d 315, 317. Thus, when a defendant is charged with Class A felony arson but convicted of Class B felony arson, no due process problems arise so long as the conviction for the inherently included lesser offense is supported by sufficient evidence. *Lahrman, supra* at 1168.[3]

A verdict returned under a similar set of circumstances was upheld by our Supreme Court in *Davenport v. State* (1989) Ind., 536 N.E.2d 263, *reh'g denied.* Davenport was charged with conspiracy to commit Class B felony robbery, and no instructions were given to the jury concerning any lesser offenses. The trial court did, however, read an instruction mirroring the language of the statute, which provided that robbery was a Class C felony but was elevated to Class B status if committed while armed with a deadly weap-

on. *Id.* at 265–66. During deliberations, the jury sent the trial judge a note inquiring as to whether they had the option of convicting the defendant for the Class C felony and if they could alter the verdict form to reflect the change. *Id.* at 266. The court responded with a note stating, "The jury is the finder of the law and the evidence." *Id.* The jury then found the defendant guilty of conspiracy to commit robbery, a Class C felony.

In affirming the conviction, the court determined that the lesser offense was inherently included in the greater offense:

"Proof of the element of commission while armed with a deadly weapon is all that distinguishes the greater from the lesser; thus, appellant had notice of all elements constituting the lesser offense found in the verdict and was not prejudiced by any lack of notice. As the lesser offense was inherently included in the charging instrument, so was it included in the jury's instructions.... We agree with the trial court's conclusion that it was within the purview of the jury to return a verdict of guilty of [the lesser offense]." *Davenport, supra,* 536 N.E.2d at 266.

■ McGowan received fair notice of the charges against her and was not misled in her defense. It was within the purview of the jury to convict McGowan of the lesser offense.[4]

---

3. In arguing that her conviction was improper, McGowan cites as authority *Maynard v. State* (1987) Ind.App., 508 N.E.2d 1346, *trans. denied; Peek v. State* (1983) Ind.App., 454 N.E.2d 450, and *Rodriguez v. State* (1979) 179 Ind.App. 464, 385 N.E.2d 1208. These cases are inapposite to the issue before us. The defendant in *Maynard* was charged with conspiracy to commit theft but convicted of theft. *Maynard, supra,* 508 N.E.2d at 1350. The lesser offense for which the defendant was convicted in *Peek*—Class B felony battery—was neither inherently included nor factually included in the original charge for Class A felony robbery. *Peek, supra,* 454 N.E.2d at 454. Conversely, although the defendant in *Rodriguez* was both charged and convicted of armed robbery, the verdict was nonetheless erroneous because both the preliminary and final instructions addressed only the elements of simple robbery, a lesser included offense. *Rodriguez, supra,* 179 Ind.App. at 468–69, 385 N.E.2d at 1211.

4. There is some authority for the proposition that the State may not convict a defendant for a lesser

included offense unless the defendant would have been entitled to an instruction on that offense. *See Hawk v. State* (1987) Ind.App., 506 N.E.2d 71, 74, *trans. denied.* ("One cannot plausibly contend that a defendant may not receive an instruction on a lesser offense yet contend that the State might convict him of that offense.") This rationale was the basis for the appellant's argument in *Davenport, supra,* 536 N.E.2d at 266. Davenport reasoned that because the State can foreclose a criminal defendant from obtaining an instruction on a lesser included offense by careful drafting of the charging instrument, the jury should also be foreclosed from returning a verdict on a lesser offense which was not charged. *Id.* The Supreme Court rejected this argument because the lesser offense was inherently included in the charging instrument. *Id.* As the court recently emphasized, the wording of a charging instrument will never foreclose an instruction on an inherently lesser included offense sought by either the State or the defendant. *Wright, supra,* 658 N.E.2d at 567. However, under the test set forth in *Wright,* not

## II. *Sufficiency*

 McGowan additionally contends that the evidence was insufficient to establish that she committed the arson because none of the State's witnesses testified that they had seen her set the fire or had seen her in possession of accelerant. Arson is almost always subject to proof solely by circumstantial evidence. *Barton v. State* (1986) Ind., 490 N.E.2d 317, 318, *reh'g denied.* In reviewing the sufficiency of circumstantial evidence leading to a conviction, we use the same scope of review as when the evidence is direct. *Galbraith v. State* (1984) Ind.App., 468 N.E.2d 575, 577, *trans. denied.* This court will neither reweigh the evidence nor assess the credibility of the witnesses, but will consider only the probative evidence and reasonable inferences supporting the verdict. We will affirm the conviction if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Garbison v. State* (1988) Ind., 528 N.E.2d 1126; *Linder v. State* (1985) Ind., 485 N.E.2d 73, 78.

 In this case, the evidence focused on four circumstantial elements of guilt—presence at the scene, conduct before and after the fire, proof that the fire was intentionally set, and motive. Shortly before the fire, McGowan made a telephone call in which she indicated that she was angry with apartment personnel because they had evicted her. McGowan was at the apartment complex when the fire started, but fled before firefighters arrived. Expert testimony revealed that an accelerant had been poured and ignited inside the entrance of McGowan's apartment. Although standing alone, evidence of motive, presence, or opportunity is insufficient to prove guilt, *Barton, supra,* 490 N.E.2d at 318, here the evidence, taken together, was sufficient to link McGowan with the eruption of the blaze. *See Galbraith, supra,* 468 N.E.2d at 577.

In addition, however, there was direct evidence supporting McGowan's conviction. On the day of the blaze, McGowan admitted to a number of witnesses that she was either going to set the building on fire or had already done so. Now, she contends that these admissions lack probative value because "it was evident that the defendant was not mentally sound on the day in question." Brief of Appellant at 9. In reaching its verdict of guilty but mentally ill, the jury considered both evidence of McGowan's incriminating statements as well as her testimony that she was suffering from mental illness and on medication at the time of the fire. McGowan is asking us to reweigh the evidence, which we cannot and will not do.

The judgment is affirmed.

KIRSCH and GARRARD, JJ., concur.

---

every refusal to give a lesser included instruction under such circumstances will compel reversal. If there is not a genuine evidentiary dispute about the elements distinguishing the greater from the lesser which could lead a jury to conclude that only the lesser offense was committed, then refusal to give the lesser instruction may be considered harmless. *Id.* at 567. It is axiomatic that if the evidence would render inappropriate an instruction on an inherently lesser included offense, the State should be precluded from obtaining a verdict on that offense. McGowan, however, does not base her appellate argument upon this premise, and from our review of record, it appears as if the trial judge sustained McGowan's objection to the instruction not because of the lack of a serious evidentiary dispute, but because the lesser offense was not charged. Thus, we do not address whether the verdict for the lesser included offense was proper in light of the trial court's refusal to tender an instruction for the offense. We also note Justice DeBruler's concurring view in *Wright* that once a trial court determines an offense is either inherently or factually included, either party should be entitled to an instruction for the lesser offense so long as a prima facie case has been presented for the charged crime. *Id.* at 572 (DeBruler, J., concurring). The additional requirement that trial judges evaluate the evidence "lacks significant value in the administration of the criminal law." *Id.* The majority conceded that this approach has "much merit", but declined to adopt it, "in part because it raises certain procedural questions that might well be better answered by rule." 658 N.E.2d at 567 n. 3. The issue was referred to the court's Rules Committee. *Id.* We are unaware of action, if any, taken by the Committee.